IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sheila Rutledge, | ) C/A No. 1:10-1322-HMH-SVH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Michael J. Astrue, Commissioner, | ) |
| Social Security Administration | ) |
| | ) |
| Defendant. | ) |
| | ) |

This appeal from a denial of social security benefits is before the court for a Report and Recommendation ("Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). After receiving Plaintiff's brief in which she discussed her allegations of error, the Commissioner responded by filing a motion to remand pursuant to sentence four of 42 U.S.C. § 405(g), seeking the court's entry of judgment with an order of reversal and remand of this matter to the Commissioner for further proceedings. [Entry #20]. In its motion, the Commissioner indicates that Plaintiff opposes this motion. Def.'s Mot. at 1. However, Plaintiff did not timely file an opposition, which was due on February 22, 2011. For the reasons that follow, the undersigned recommends that the Commissioner's motion be granted.

II.     Discussion

On December 21, 2010, Plaintiff filed her brief in support of her appeal, asserting the Administrative Law Judge (ALJ) erred in the following ways: 1) by finding Plaintiff did not meet Listing 12.05C of the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 12.05C; and 2) by presenting an erroneous hypothetical to the Vocational Expert (VE) and failing to follow Social Security Ruling 00-4p in conjunction with the VE's testimony. Pl.'s Mem. at 18 32 [Entry #19]. In discussing the alleged error in not finding her presumptively disabled by meeting the requirements of Listing 12.05C, Plaintiff seeks the following:

> [Plaintiff] respectfully requests that the Court remand her case for payment of benefits on a finding that she established that she meets listing 12.05C, or in the alternative remand the case for further consideration of whether she meets the listing, with an instruction to the ALJ that the IQ scores indicated in the file be accepted as valid absent substantial evidence contradicting the IQ testing.

Pl.'s Br. at 28. Plaintiff concludes her brief by asking that the court "remand her case for payment of benefits, or in the alternative, for a resolution of the issues raised above." *Id.* at 32 33.

The Commissioner seeks remand because, after considering Plaintiff's brief and further analyzing the record, the Commissioner believes additional administrative action is warranted because of errors in analyzing Plaintiff's disability status. Def.'s Mem. at 1 [Entry #20-1]. The Commissioner concedes that the ALJ erred in considering whether Plaintiff satisfied all requirements of Listing 12.05C, in that the ALJ relied on testimony that her IQ ranged between the 50s and the 70s, while records indicate her IQ scores ranged from the 40s to the 60s. Def.'s Mem. at 2, *see also id.* at 3 4 (discussing analysis of listing requirements

to be considered). The Commissioner also concedes the ALJ erred by presenting an incomplete hypothetical question to the VE. Def.'s Mem. at 5.

If remanded, the Commissioner indicates he will vacate the ALJ's decision in its entirety and remand for a de novo determination of liability, providing specific instructions to the ALJ to obtain additional medical evidence regarding whether Plaintiff satisfies a listed impairment, obtain supplemental VE evidence, and further evaluate Plaintiff's history of drug abuse. Def.'s Mem. at 2. The Commissioner argues that remand, not reversal for award of benefits, is the proper remedy because additional evidence and consideration of evidence is needed.

The undersigned agrees with the Commissioner. The undersigned finds that valid reasons exist for the Commissioner to remand the matter for the ALJ to conduct a de novo hearing, consider supplemental medical and vocational expert evidence, and further evaluate Plaintiff's history of drug abuse in accordance with instructions. Further, Plaintiff requested remand for additional consideration as a potential remedy, s*ee* Pl.'s Br. at 28, 32 33, and she did not respond to the Commissioner's motion for remand. *Cf. Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (noting remand appropriate when record does not contain substantial evidence to support decision and reopening the record would not serve a useful purpose); *see Holmes v. Astrue*, 3:08-1829-CMC-JRM, 2010 WL 972575, *8 (D.S.C. Jan. 27, 2010) (recommending Commissioner's motion to remand for further proceedings be granted because questions regarding claimant's disability remained) (recommendation adopted in 2010 WL 960415 (D.S.C. Mar. 12, 2010); *see also Timmerman v. Astrue*,

3

2:07-3745-HFF-RSC, 2009 WL 500604 (D.S.C. Feb. 26, 2009) (finding remand for further proceedings appropriate, noting factors in deciding whether to remand for consideration of additional evidence or to reverse for an award of benefits include whether deference to administrative agency cautions in favor of remand, whether plaintiff's court submissions include requests that the matter be remanded, and whether evidence in the record does not overwhelmingly support a finding of disability).

III.   Conclusion and Recommendation

Based upon the foregoing, the court recommends that the Commissioner's motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) [Entry #20] be granted and that this matter be remanded for additional proceedings as detailed in the Commissioner's motion and memorandum in support of that motion [Entry #20-1].

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

March 1, 2011  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4